# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued May 13, 2008           Decided June 6, 2008

No. 07-3072

IN RE: GRAND JURY (ATTORNEY-CLIENT PRIVILEGE)

---

Appeal from the United States District Court
for the District of Columbia
(No. 07mc00197)

---

*Barry Coburn* argued the cause for appellant. With him on the briefs was *Gloria Solomon*.

*Patricia A. Heffernan*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese III* and *Virginia Cheatham*, Assistant U.S. Attorneys.

Before: SENTELLE, *Chief Judge*, and HENDERSON and RANDOLPH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: A grand jury is investigating a psychiatrist who may have billed Medicaid for services he did not provide. In an attempt to exonerate his client, the doctor's attorney showed patient records to the Assistant U.S. Attorney and FBI special agent investigating the matter. The government made and kept copies of these documents. The originals remained in the possession of the attorney. Several days later,

the government served a subpoena on the attorney, seeking the original documents for forensic ink analysis in order to determine whether they were created at a later date than indicated on the documents. The doctor joined the attorney's motion to quash, claiming that attorney-client privilege protected the documents. The district court denied the motion. We affirm.

Attorney-client privilege applies to a document a client transfers to his attorney "for the purpose of obtaining legal advice." *Fisher v. United States*, 425 U.S. 391, 404-05 (1976). "When the client himself would be privileged from production of the document . . . as exempt from self-incrimination, the attorney having possession of the document is not bound to produce." *Id.* at 404 (quoting 8 J. WIGMORE, EVIDENCE § 2307, p. 592 (McNaughton rev. 1961)). Here, the district court assumed without deciding that the doctor gave his records to his attorney for the purpose of obtaining legal advice. The court then held that requiring the doctor's attorney to produce these records would not violate the doctor's privilege against self-incrimination. On appeal, the doctor and the government dispute whether this holding was correct, but they ignore a question the government raised before the district court: whether attorney-client privilege applies to the documents at all.

Sharing the doctor's records with the government destroyed whatever attorney-client privilege might have attached to them. *See In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989); RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 79 (2000). There is no argument that the documents were shown to the government without the doctor's approval. It is of no consequence that the doctor might have initially given the documents to his attorney for the purpose of obtaining legal advice.

Because the doctor has not met his burden of showing that the attorney-client privilege applies to his records, *see In re Lindsey*, 158 F.3d 1263, 1270 (D.C. Cir. 1998), it also is of no consequence whether he would have had a Fifth Amendment privilege not to produce the documents if they were in his possession. The subpoena was directed not at the doctor, but at his attorney. "Documents transferred from the accused to his attorney are 'obtainable without personal compulsion on the accused,' and hence the accused's 'Fifth Amendment privilege is . . . not violated by enforcement of the [subpoena] directed toward [his] attorneys. This is true whether or not the Amendment would have barred a subpoena directing the [accused] to produce the documents while they were in his hands.'" *In re Sealed Case*, 162 F.3d 670, 675 (D.C. Cir. 1998) (quoting *Fisher*, 425 U.S. at 398, 397) (alterations as in *Sealed Case*).

*Affirmed.*